OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. Convicted of burglary and assault, defendant argues that he was improperly prevented from introducing a written statement purportedly signed by the complaining witness, who spoke only Arabic, and witnessed by one Lalo, who spoke Arabic and broken English. The statement indicated that the complaining witness could not identify her attacker and was prepared by defendant’s attorney and obtained by defendant’s parents who gave the complainant $150 for medical expenses. The statement was in English and defendant contended that Lalo had explained to the complaining witness what was in it. The complaining witness conceded her signature, but Lalo denied she had signed as a witness.
CPL 60.35 would have permitted introduction of the statement by the defense to impeach Lalo, called as a defense witness, had it been made by her. Since it was not there was no error in excluding it. Nor was it improper to refuse to require Lalo to give a handwriting exemplar, for whether she signed the statement as a witness was a collateral issue, not relevant to any question in the case except Lalo’s credibility, for as hereafter noted, the statement itself was admissible apart from her testimony.
The complaining witness, called by the People, having conceded the genuineness of her signature, the statement was admissible for impeachment purposes as a prior inconsistent written statement (Fisch, New York Evidence [2d ed], § 478). Any problem concerning her understanding or lack of understanding of the content of the statement by reason of the difference in language related not to admissibility but to weight. It was, therefore, error to exclude the statement, but the error clearly was harmless (People v Crimmins, 36 NY2d 230). Defendant was seen by the building superintendent leaving the apartment in which the assault occurred while the complaining witness was still screaming, was chased by the superintendent and caught some 300 feet outside the building. Within three to five minutes after the assault he was identified by the complaining witness. The story defendant gave to the superintendent when apprehended was inconsistent with *964 his testimony at trial. The contents of the statement signed by the complaining witness were, moreover, put before the court through the testimony of defendant’s mother, brought out on cross-examination by defendant’s attorney.
Finally, finding Chambers v Mississippi (410 US 284) and Green v Georgia (442 US 95) to be factually distinguishable from the instant case in light of the substantial question concerning reliability of the statement, we conclude that there was no due process violation in its exclusion.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.