■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LERNER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered June 8, 1981, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence on the conviction of conspiracy in the second degree and remitting the matter to the County Court, Nassau County, for resentencing on that count. As so modified, judgment affirmed.

The defendant's claim that the trial court abused its discretion in denying his application to be tried separately from his six codefendants is without merit. A defendant's assertion that a codefendant may offer a defense antagonistic to him does not, in and of itself, constitute "good cause" to grant a severance (CPL 200.40 [1]); *see, People v Cruz,* 66 NY2d 61; *People v Taylor,* 111 AD2d 520). Indeed, the entrapment defense proffered by two of the codefendants did not substantially impair the defendant's claim of innocence.

Similarly unavailing is the defendant's contention that the declarations of his coconspirator were improperly admitted into evidence, since the evidence adduced at the trial up until the point of the admission of the coconspirator's statements clearly established a prima facie case of conspiracy *(see, People v Salko,* 47 NY2d 230).

The trial court properly denied the defendant's motion, made on the eve of trial, for a hearing to determine whether the alleged misconduct of law enforcement officials violated his due process rights, since his allegations were purely speculative *(see, People v Isaacson,* 44 NY2d 511). Moreover, even if the alleged police misconduct did occur, it cannot be characterized as "so egregious and deprivative" as to have violated the defendant's due process rights *(People v Isaacson, supra,* at p 519; *see, People v Smith,* 106 AD2d 670, *revd on other grounds* 68 NY2d 725; *People v Johnson,* 64 AD2d 821).

The sentencing minutes reveal that the defendant was sentenced, as a second felony offender, to a term of 6 to 15 years' imprisonment on his conspiracy conviction, a clearly illegal sentence *(see,* Penal Law § 70.06 [4] [b]). While the defendant does not challenge his sentence on appeal, and while all indications in the record support the conclusion that the sentencing Judge may have misspoken in rendering this sentence, since the order of commitment dated June 8, 1981 states that the sentence imposed was 6 to 12 years, the existence of this discrepancy requires remittal for resentencing on the conspiracy count *(see, People v Minaya,* 54 NY2d 360; *People v Aponte,* 110 AD2d 901).

We have examined the defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Bracken, Niehoff and Kunzeman, JJ., concur.