■ In the Matter of CHARLES STRESSLER, Petitioner, v CHARLES J. HYNES et al., Respondents.—Proceeding pursuant to CPLR article 78 in the nature of a writ of prohibition to bar the retrial of the petitioner under Kings County indictment Number 7950/90, *inter alia,* on the ground that retrial would violate his right not to twice be placed in jeopardy for the same offense.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioner is charged in Kings County indictment Number 7950/90 *inter alia,* with murder in the second degree in connection with the shooting death of Yusef Hawkins on August 23, 1989. During a readback of testimony during deliberations at petitioner's trial on that indictment, juror number 6 made a verbal outburst apparently directed at Moses Stewart, the victim's father, who was present in the courtroom. Immediately after the outburst, the court conducted an in camera inquiry of the juror, who stated that she believed Stewart had been staring at her throughout the trial and described him in vulgar and hostile terms. Asked if she could, nonetheless, continue to be fair and impartial, the juror flatly and unequivocally stated that she could not. The court discharged juror number 6 and the proceedings resumed, the parties having agreed to proceed with 11 jurors. The court thereafter determined that the parties could not validly consent to a jury of less' than 12 jurors, declared a mistrial, and ordered a new trial.

We find that the trial court properly dismissed juror number 6 as being "grossly unqualified" *(see,* CPL 270.35) inasmuch it became obvious that she possessed a state of mind which would prevent the rendering of an impartial verdict *(see, People v Rodriguez,* 71 NY2d 214). The court then properly declared a mistrial upon the discharge of this juror because, having no available alternate jurors, it became impossible to proceed with the trial in conformity with the law *(see,* CPL 280.10 [3] ). An indicted defendant cannot consent to a trial by fewer than 12 jurors *(see,* NY Const, art I, § 2; art VI, § 18; *Cancemi v People,* 18 NY 128; *People v Lester,* 149 AD2d 975).

Contrary to the petitioner's contention, a retrial would not violate his right not to be placed in double jeopardy. The petitioner conceded and the record provides no basis to conclude that the People placed Stewart in the courtroom to disrupt the proceedings or intended to cause a mistrial. Absent a showing that the prosecutor intended to provoke a mistrial and so violate the petitioner's rights, retrial of the petitioner is permissible (see, Oregon v Kennedy, 456 US 667).

As the petitioner has failed to demonstrate a clear legal right to the extraordinary remedy of prohibition (see, Matter of Holtzman v Goldman, 71 NY2d 564), his petition is denied. Mangano, P. J., Thompson, Bracken, Brown and Lawrence, JJ., concur.