■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE GARCIA, Appellant. [602 NYS2d 360] —Judgment, Supreme Court, New York County (Murray Mogel, J., at suppression hearings; Stephen Crane, J., at trial, plea and sentences), rendered January 17, 1990, convicting defendant, after a jury trial, of robbery in the first degree and two counts of robbery in the second degree, and, upon his plea of guilty, of attempted robbery in the first degree and attempted robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 12 to 24 years, 7½ to 15 years and 7½ to 15 years for the convictions after trial, to be served consecutively to concurrent terms of 4 to 8 years and 2½ to 5 years, respectively, for the convictions upon his plea, unanimously affirmed.

Defendant's self-incriminating statements were not the result of police interrogation or its functional equivalent, but were spontaneous, and therefore properly admitted *(see, People v Gonzales,* 75 NY2d 938, *cert denied* 498 US 833). Whether defendant actually made the statements was an issue pertinent at trial, not the *Huntley* hearing *(People v Simmons,* 170 AD2d 15, 21, *lv denied* 78 NY2d 1130). Defendant's claim that he did not have effective assistance of counsel is unsupported by a record which, because no appropriate postjudgment motion was made, leaves unanswered what was in defense counsel's mind when he chose not to cross-examine the officers at the *Huntley* hearing on the co-defendant's statements *(see, People v Jones,* 55 NY2d 771, 773).

Finally, because defendant never moved to withdraw his plea under CPL 220.60 (3) or vacate the judgment of convic-

tion under CPL 440.10, his claim that his plea should not have been accepted is unpreserved for review as a matter of law *(People v Lopez,* 71 NY2d 662), and we decline to review in the interest of justice, given a sentence that imposes the minimum permissible term for a second felony offender. Concur—Sullivan, J. P., Rosenberger, Ross and Asch, JJ.