■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO BERTA, Appellant. [624 NYS2d 211] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Thomas, J.), both rendered September 14, 1992, convicting him of rape in the first degree (five counts), rape in the second degree, sexual abuse in the first degree (four counts), sexual abuse in the second degree (four counts), endangering the welfare of a child (two counts), and sodomy in the first degree (four counts) under Indictment No. 2382/91, and sodomy in the first degree (two counts) under Indictment No. 7961/91, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the trial court erred by trying together the various charges as to all three complainants is unpreserved for appellate review. In any event, the charges were joinable because they were defined by the same or similar statutory provisions and consequently were the same or similar in law *(see,* CPL 200.20 [2] [c]). The fact that sex crimes were involved in all of the incidents does not provide a sufficient basis to require a severance *(see, People v Teleford,* 134 AD2d 632, 633). In addition, the proof of the crimes was presented seperately, uncomplicated, and easily segregable in the minds of the jurors. The fact that the jury acquitted the defendant of all charges relating to one complainant and all charges relating to another incident with a second complainant demonstrates that the jury was able to segregate the evidence as to each count *(see, People v Hall,* 169 AD2d 778, 779; *People v Streitferdt,* 169 AD2d 171, 176).

We have examined the defendant's remaining contentions, including those contained in his *pro se* supplemental brief, and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.