■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MASON, Appellant. [650 NYS2d 131] —Judgment,

Supreme Court, New York County (Jeffrey Atlas, J., at first hearing; Dorothy Chin-Brandt, J., at second hearing and first trial; Jay Gold, J., at second trial), rendered July 16, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

The record establishes that the decision of the court in the first trial to declare a mistrial was based on its belief that a juror could no longer deliberate impartially, and not on the purportedly deadlocked status of the jury. The court questioned the juror at length and elicited from him that his preoccupation with the well-being of his ill wife, as well as his agitation with the fact that the jury had served beyond the court's anticipated one-week schedule, had distracted him to the point that he could no longer deliberate impartially. Having ascertained these facts and placed these findings on the record, the court properly dismissed the juror as being "grossly unqualified" (CPL 270.35 [1]; see, People v Serrano, 203 AD2d 99, 100, lv denied 83 NY2d 915). Since no alternate juror was available, the court had no choice but to declare a mistrial (CPL 270.35, 280.10 [3]). Thus, we reject defendant's double jeopardy argument.

We have considered defendant's contention that the station house identification by the undercover was inadmissible and we find it to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.