■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY CANO, Appellant. [732 NYS2d 255] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered July 25, 1996, convicting him of sodomy in the first degree (three counts), sodomy in the second degree (three counts), rape in the first degree (ten counts), rape in the second degree (eleven counts), rape in the third degree (three counts), sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed and the matter is remitted to the Supreme Court, Richmond County, for resentencing in accordance herewith.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentencing minutes reveal that the defendant was sentenced to a term of 2 to 6 years' imprisonment on the conviction of rape in the second degree under count 21 of the indictment. However, the order of commitment indicates that

the sentence imposed for that conviction was a term of 1⅓ to 4 years' imprisonment. Additionally, the sentencing court imposed a sentence for the crime of sodomy in the fourth degree under count two of the indictment, a count of which the defendant was acquitted, although the sentence imposed on such count was not reflected in the order of commitment. Further, the order of commitment includes sentences on two convictions of rape in the second degree under counts 25 and 27 of the indictment which were not imposed by the court at sentencing. Although the defendant has not raised these issues on appeal, the existence of such discrepancies requires remittal for resentencing (*see, People v Lerner,* 122 AD2d 813).

Accordingly, the defendant's sentence is vacated and the matter is remitted to the Supreme Court, Richmond County, for resentencing.

The defendant's remaining contentions are without merit. O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.