■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. Cox, Appellant. [748 NYS2d 772] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered March 14, 2001, convicting him of rape in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged under a single indictment with two counts of rape in the first degree and related offenses arising from two incidents, one which occurred on November 29, 1999, and the other on April 9, 2000, in which the defendant raped two different female complainants. The trial court properly denied the defendant's severance motion because he failed to demonstrate that there was substantially more proof of one incident, as compared to the other, and that there was a substantial likelihood that the jury would be unable to consider separately the proof as it related to each incident (see CPL 200.20 [3] [a]; *People v Hall,* 169 AD2d 778, 778-779; *People v Moses,* 169 AD2d 786, 786-787). Moreover, the fact that sex crimes are involved in both incidents did not provide a sufficient basis to require a severance (see *People v O'Dell,* 185 AD2d 901, 902; *People v Hall,* 169 AD2d 778). The defendant does not argue that he had important testimony to give concerning one incident and a need to refrain from testifying as to the other (see CPL 200.20 [3] [b]).

The trial court properly limited the defendant's cross-examination of the complainants (see CPL 60.42; *People v Williams,* 81 NY2d 303, 311; *People v Mandel,* 48 NY2d 952, 953; *People v Crawford,* 143 AD2d 141, 142). Furthermore, viewing

the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of both counts of rape in the first degree, one by forcible compulsion and the other while the complainant was physically helpless (*see People v Maysonet,* 178 AD2d 558; *People v Solorzano,* 163 AD2d 434; *People v Irving,* 151 AD2d 605, 605-606). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.