■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST MACK, Also Known as TIMOTHY LOVE, Appellant. [752 NYS2d 313] —Judgments, Supreme Court, Bronx County (Gerald Sheindlin, J., at speedy trial hearing; Steven Barrett, J., at suppression hearing, jury trial, plea and sentence), rendered April 8, 1998, convicting defendant of attempted robbery in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to two concurrent terms of 5 to 15 years on the attempted robbery and assault convictions, consecutive to a term of $3^{1/3}$ to 10 years on the weapon possession conviction, and also convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a concurrent term of 1 to 3 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. The motion court conducted a lengthy evidentiary hearing and set forth detailed findings of fact and conclusions of law in an

opinion (176 Misc 2d 306), and the record supports its finding that the entire period from October 1995 until May 1997 was excludable as an exceptional circumstance pursuant to CPL 30.30 (4) (g) due to the unavailability of the victim. The court properly concluded (176 Misc 2d at 313 n 6) that no amount of diligence would have made the paralyzed and traumatized victim available at an earlier date (*see People v Pressley*, 115 AD2d 228).

Defendant's suppression motion was properly denied. On appeal, defendant claims that the victim's in-court identification was tainted by a lineup allegedly conducted in violation of his right to counsel, and that his statement was likewise taken in violation of that right to counsel, in that the lineup and interrogation occurred while an attorney-client relationship was in existence with respect to the instant matter (*see People v West*, 81 NY2d 370, 379-381). However, at the hearing, defendant conceded that this did not provide a basis for suppression (*see People v Tutt*, 38 NY2d 1011). Defendant's claim that the lineup was the result of unduly suggestive procedures is without merit (*see People v Garry*, 269 AD2d 158, *lv denied* 94 NY2d 947; *People v Sorenson*, 112 AD2d 1016, 1017, *lv denied* 66 NY2d 767). In any event, were we to find any error in the admission of the challenged identification testimony and defendant's largely exculpatory statement, we would find the error to be harmless in light of the overwhelming evidence, including the testimony of two additional identifying witnesses (*see People v Crimmins*, 36 NY2d 230).

The court properly precluded defendant from introducing extrinsic evidence of an alleged prior inconsistent statement (*see People v Duncan*, 46 NY2d 74, *cert denied* 442 US 910). In any event, defendant was not prejudiced since he was able to establish the substance of the witness's prior statement (*see People v Dackowski*, 50 NY2d 962). Since defendant never asserted a constitutional right to introduce the evidence at issue, his constitutional claim is unpreserved (*see People v Angelo*, 88 NY2d 217, 222; *People v Gonzalez*, 54 NY2d 729), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to present a defense.

A consecutive sentence was properly imposed for the weapon possession conviction (*see People v Salcedo*, 92 NY2d 1019). Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.