THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DASHAUN REED, Appellant. [767 NYS2d 821]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered February 17, 1998, convicting him of murder in the second degree (two counts), attempted murder in the second degree, kidnapping in the first degree, and kidnapping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon the convictions of attempted murder in the second degree (two counts) and kidnapping in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on those counts in accordance herewith.

There is no merit to the defendant's contention that his retrial violated the prohibition against double jeopardy because his first trial ended in a mistrial over his objection. The mistrial was declared after one of the jurors informed the trial court, for the first time during deliberations, that he suffered from panic attacks and claustrophobia. The court questioned the juror at length and ascertained that he was terrified of being in enclosed spaces for any length of time, the jury room was "torture" for him, and he could not "think straight." After exploring reasonable alternatives, the trial court properly discharged the juror because the nature of his illness rendered him "grossly unqualified" (CPL 270.35 [1]; *see People v Carmona,* 265 AD2d 197 [1999]; *People v Mason,* 233 AD2d 271 [1996]; *People v McCloud,* 182 AD2d 835 [1992]). Since no alternate juror was available, a mistrial was correctly declared out of "manifest necessity" (CPL 270.35, *see* CPL 280.10 [3]; *People v Mason, supra; see generally People v Ferguson,* 67 NY2d 383 [1986]). Accordingly, retrial was not barred by the principles of double jeopardy (*see*

*People v Mason, supra*; *Matter of Stressler v Hynes,* 169 AD2d 750 [1991]).

The minutes of the sentencing proceeding reveal that the defendant was sentenced to a minimum of 25 years and a maximum of 25 years' imprisonment on each of his attempted murder and kidnapping in the second degree convictions, a clearly illegal sentence for the instant crimes committed in 1996 (*see People v Mosca,* 294 AD2d 938 [2002]; Penal Law § 70.02 [former (3) (a)]). While the record supports the conclusion that either the sentencing court may have misspoken or that there was an error in the transcription, the order of commitment indicates, however, that the sentence imposed was 12$\frac{1}{2}$ to 25 years' imprisonment on each of those counts. This discrepancy requires remittal to the Supreme Court, Kings County, for resentencing on the attempted murder and kidnapping in the second degree counts (*see People v Cano,* 287 AD2d 730 [2001]; *People v Lerner,* 122 AD2d 813 [1986]). S. Miller, J.P., Krausman, Townes and Cozier, JJ., concur.