**Freddy CANO, Petitioner–Appellant,**

v.

**James J. WALSH, Superintendent, Respondent–Appellee.**

No. 04–6388–PR.

United States Court of Appeals, Second Circuit.

March 13, 2006.

Julia Pamela Heit, New York, New York, for Petitioner–Appellant.

Karen Fisher McGee, Assistant District Attorney (Daniel M. Donovan, Jr., District Attorney, Richmond County, on the brief), Staten Island, New York, for Respondent–Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Freddy Cano appeals from the October 12, 2004 judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) dismissing his petition for a writ of habeas corpus. The district court granted a certificate of appealability "on the claim that the trial court abused its discretion in limiting cross-examination of the accusing witness on the ground of the rape[-]shield law," a claim from the petitioner's state-court appeal that the district court added *sua sponte* to the petitioner's habeas petition. We assume familiarity with the facts and procedural history.

We affirm the district court's judgment and dismiss this appeal because, even assuming *arguendo* that the claim certified for appeal to this court establishes a violation of the petitioner's federal constitutional rights, the claim is procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The claim was not properly presented to the courts of New York because the petitioner never sought leave to appeal to the New York Court of Appeals the decision of the Appellate Division, Second Department, which rejected on the merits his attack on the trial court's rape-shield ruling, *People v. Cano*, 287 A.D.2d 730, 732 N.Y.S.2d 255, 256 (2d Dep't 2001), or the trial court's judgment resentencing the petitioner. *See Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir.2000) (requiring a petitioner to seek such leave to properly present his or her claims to the courts of New York).

The time afforded by New York law for filing a leave application has expired, N.Y.Crim. Proc. Law §§ 460.10(5)(a), 460.30(1) (fixing the time at 30 days from service of the order plus a one-year grace period), and New York law would require rejecting a collateral attack on the rape-shield ruling for an unjustifiable failure to seek review by the New York Court of Appeals, N.Y.Crim. Proc. Law § 440.10(2)(c). Thus, the petitioner "is ineligible for federal habeas relief save a showing of 'cause and prejudice' or 'a fundamental miscarriage of justice.'" *O'Sullivan*, 526 U.S. at 854, 119 S.Ct. 1728

(Stevens, J., dissenting) (internal citations omitted). The petitioner has provided no briefing to reply to the respondent's argument that neither showing can be made here, and accordingly, we find his procedural default not excused. *Cf. Coleman v. Thomson,* 501 U.S. 722, 757, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In any event, it is hard to discern a possible cause for failing to file a leave application, *see, e.g., id.* at 756–57, 111 S.Ct. 2546, and our review of the evidence does not indicate that a fundamental miscarriage of justice would result from not considering the trial court's rape-shield ruling. The district court's dismissal with prejudice of this attack on the trial court's rape-shield ruling was proper.

For the reasons set forth above, the judgment of the district court is AFFIRMED.