■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTURO MONTALVO, Appellant. [825 NYS2d 101]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered March 10, 2003, convicting him of rape in the first degree (five counts), sexual abuse in the first degree (seventeen counts), and endangering the welfare of a child in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for

review the denial of the defendant's motions to suppress the testimony of the complainants, and the denial of his separate motion to sever the counts as to one complainant from the counts as to the other complainant.

Ordered that the judgment is affirmed.

The defendant was tried under a multi-count indictment on charges of rape in the first degree, sexual abuse in the first degree, and endangerment of one child, J.K., and on charges of sexual abuse in the first degree and endangerment of another child, R.M. Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his motion to sever the charges in the indictment pertaining to each child since the charges involved the same or similar law (*see* CPL 200.20 [3]), and there was nothing in the record indicating that the jury was unable to separately consider the discrete charges (*see People v Berta,* 213 AD2d 659 [1995]; *People v Prezioso,* 199 AD2d 343 [1993]; *People v Nickel,* 14 AD3d 869 [2005]). In addition, the County Court properly denied the defendant's motion to suppress the testimony of the complainants. In the absence of any non-speculative evidence that the children's testimony resulted from undue suggestion by persons who interviewed them, the motion was properly denied (*see People v Kemp,* 251 AD2d 1072 [1998]; *People v Alvarez,* 159 Misc 2d 963, 965 [1993]; *cf. People v Michael M.,* 162 Misc 2d 803 [1994]).

The County Court also correctly concluded, following an in-camera inspection, that the complainants' school records and Suffolk County Child Protective Services files were neither exculpatory nor material (*see Pennsylvania v Ritchie,* 480 US 39, 58 [1987]; *People v Vilardi,* 76 NY2d 67 [1990]; *People v Gissendanner,* 48 NY2d 543 [1979]).

The defendant's contention that the prosecutor's summation required reversal of the conviction is unpreserved for appellate review, since the defendant failed to object or raised only general objections to the prosecutor's remarks, did not request curative instructions when his objections were sustained, and only belatedly moved for a mistrial after the case was submitted to the jury (*see People v Tonge,* 93 NY2d 838, 839 [1999]; *People v Almonte,* 23 AD3d 392, 394 [2005]; *People v Evans,* 291 AD2d 569 [2002]; *People v Livigni,* 288 AD2d 323, 324 [2001]). In any event, the challenged remarks were either responsive to the defense counsel's summation or fair comment upon the evidence (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Galloway,* 54 NY2d 396 [1981]; *People v Almonte, supra* at 394).

Viewing the totality of the evidence, the law, and the circumstances of the case, the defendant's contention that he was

denied effective assistance of counsel is without merit (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]; *People v Marcotte,* 237 AD2d 379 [1997]). "Unsuccessful trial strategies and tactics do not constitute ineffective assistance of counsel" (*People v Gonzalez,* 22 AD3d 597, 598 [2005]; *see People v Benevento, supra* at 712-713).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.