■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARION HENRY, Appellant. [872 NYS2d 536]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered January 4, 2006, convicting him of criminal contempt in the first degree (eight counts) and rape in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crime of rape in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492-493 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dorsette*, 47 AD3d 728 [2008]). In any event, the remarks made by the prosecutor during summation did not deprive the defendant of a fair trial. A review of the challenged comments reveals that they were either fair comment on the evidence adduced at trial or fair response to the defense summation (*see People v Owens*, 43 AD3d 1185 [2007]; *People v Salnave*, 41 AD3d 872 [2007]). Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.