■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS SMITH, Appellant. [883 NYS2d 94]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Dibella, J.), rendered December 8, 2006, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), and assault in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prose-

cution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was a provident exercise of its discretion (*see People v Walker*, 83 NY2d 455 [1994]; *People v Williams*, 213 AD2d 689 [1995]).

The defendant's contention that the prosecutor's summation remarks constituted reversible error because the prosecutor allegedly shifted the burden of proof is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the prosecutor's remarks were fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]).

The defendant's contention that the court did not adequately respond to a jury note requesting clarification is unpreserved for appellate review and, in any event, is without merit (*see* CPL 470.05 [2]; *People v Starling*, 85 NY2d 509 [1995]; *People v Romgobind*, 40 AD3d 1133 [2007]). The court meaningfully responded by rereading its original instructions to the jury (*see People v Malloy*, 55 NY2d 296 [1982]; *People v Leon*, 48 AD3d 701 [2008]; *People v Crosby*, 33 AD3d 719 [2006]).

The Supreme Court providently exercised its discretion in denying the defendant's motion to sever the charges in the indictment pertaining to each incident, since the charges involved the same or similar law (*see* CPL 200.20 [3]), and there is nothing in the record indicating that the jury was unable to separately consider the discrete charges (*see People v Montalvo*, 34 AD3d 600 [2006]; *People v Nickel*, 14 AD3d 869 [2005]; *People v Berta*, 213 AD2d 659 [1995]; *People v Prezioso*, 199 AD2d 343 [1993]). Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.