■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO MARTINEZ, Appellant. [892 NYS2d 786]—

The County Court did not improvidently exercise its discretion in denying the defendant's motion pursuant to CPL 200.20 (3) to sever the charges under the first and third counts of the indictment, which arose from separate incidents on separate dates. Contrary to the defendant's contention, he failed to demonstrate that there was substantially more proof of one incident, as compared to the other, and that there was a substantial likelihood that the jury would be unable to consider separately the proof as it related to each incident (*see* CPL 200.20 [3] [a]; *People v Cox*, 298 AD2d 461 [2002]). Further, there is nothing in the record indicating that the jury was unable to separately consider the discrete charges (*see People v Smith*, 64 AD3d 619, 620 [2009]; *People v Montalvo*, 34 AD3d 600, 601 [2006]; *People v Berta*, 213 AD2d 659, 660 [1995]).

The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review, as he failed to object to the subject remarks (*see* CPL 470.05 [2]; *People v Charles*, 57 AD3d 556 [2008]). In any event, "[t]o the extent that the prosecutor may have exceeded the bounds of permissible rhetorical comment, any error was harmless" (*People v Carter*, 36 AD3d 624 [2007]; *see People v Crimmins*, 36 NY2d 230, 242 [1975]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.