■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR TORRES, Appellant. [900 NYS2d 89]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 10, 2005, convicting him of rape in the first degree, sexual abuse in the first degree, burglary in the first degree, and endangering the welfare of a child in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Charles*, 57 AD3d 556 [2008]; *People v Gill*, 54 AD3d 965, 966 [2008]; *People v Robbins*, 48 AD3d 711 [2008]). In any event, most of the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Henry*, 59 AD3d 461 [2009]; *People v Charles*, 57 AD3d 556 [2008]; *People v McHarris*, 297 AD2d 824 [2002]). "To the extent that the prosecutor may have exceeded the bounds of permissible rhetorical comment, any error was harmless" (*People v Carter*, 36 AD3d 624 [2007]; *see People v Crimmins*, 36 NY2d 230 [1975]; *People v Charles*, 57 AD3d 556 [2008]).

Furthermore, contrary to the defendant's contention, defense counsel's failure to object to certain remarks made by the prosecutor during summation did not constitute ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Robbins*, 48 AD3d 711 [2008]; *People v Gonzalez*, 44 AD3d 790 [2007]). Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.