■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE C. POPE, Appellant. [901 NYS2d 532]—Appeal by the defendant from a judgment of the County Court, Nassau County (Jaeger, J.), rendered October 31, 2007, convicting him of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed on the conviction of driving while intoxicated; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for resentencing on that conviction.

The defendant's contention that the evidence was legally insufficient to establish his guilt of aggravated unlicensed operation of a motor vehicle in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentencing minutes indicate that the defendant was sentenced to a term of 1 to 4 years of imprisonment on the conviction of driving while intoxicated. However, the order of commitment indicates that the sentence imposed for that conviction was a term of $1^1/_3$ to 4 years of imprisonment. Such a discrepancy requires remittal for resentencing (*see People v Cano*, 287 AD2d 730 [2001]). We note that, contrary to the defendant's contention, the imposition of an indeterminate prison term of 1 to 4 years for a class D felony is not invalid (*see* Penal Law § 70.00 [2] [d]; [3] [b]). Accordingly, we remit the matter to the County Court, Nassau County, for clarification of the discrepancy, and thereafter for resentencing.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.