■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN RIVERS, Appellant. [906 NYS2d 270]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered April 18, 2007, convicting him of arson in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentences imposed on the convictions of arson in the first degree under counts five and six of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on those convictions.

The evidence at trial established that the defendant engaged in a scheme to sell a certain building that he did not own. He gained control of the building by means of a forged and fraudulently notarized deed, and then contracted to sell the building to a third party. When the purchaser insisted that the building be delivered vacant, the defendant, on a number of occasions, paid other people to set fires in the building to drive the tenants out. After a jury trial, the defendant was convicted of three counts of arson in the first degree, one relating to a fire on May 25, 2004, and the other two relating to a fire on May 30, 2004.

Although certain questions asked by the prosecutor of certain witnesses at trial were clearly improper because, inter alia, they violated the Supreme Court's pretrial *Molineux* ruling (*see People v Molineux*, 168 NY 264 [1901]), reversal is not warranted because there was overwhelming evidence of the defendant's guilt and no significant probability that the defendant would have been acquitted absent those improper questions (*see People v Crimmins*, 36 NY2d 230, 242 [1975]). Moreover, any error with respect to the testimony of one of the fire marshals regarding the origin of the second fire was harmless as well (*see People v Crimmins*, 36 NY2d at 242; *People v Goldberg*, 215 AD2d 402, 402-403 [1995]).

The sentencing minutes indicate that the defendant's sentence on the count relating to the fire on May 25, 2004, was to run consecutively to the sentences imposed on the two counts of arson in the first degree relating to the fire on May 30, 2004. The Supreme Court did not, however, state whether the two sentences imposed on the counts relating to the fire on May 30, 2004, were to run concurrently with each other, as, in fact, the Penal Law requires (*see* Penal Law § 70.25 [2]; *People v Laure-*

*ano*, 87 NY2d 640, 643 [1996]). Moreover, the commitment and sentence sheet states that all three sentences were to run consecutively to each other. Such a discrepancy requires remittal for resentencing (*see People v Pope*, 74 AD3d 842 [2010]; *People v Cano*, 287 AD2d 730 [2001]). Accordingly, we vacate the sentences imposed on the convictions of arson in the first degree under counts five and six of the indictment, and remit the matter to the Supreme Court, Kings County, for clarification of the discrepancy and thereafter for resentencing on those convictions. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.