THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARDO ARIZA, Appellant. [909 NYS2d 148]—Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered December 22, 2004, convicting him of gang assault in the first degree (two counts), robbery in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the verdict of guilt with respect to his conviction of assault in the second degree was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the conviction of assault in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court did not adequately respond to a jury note requesting clarification of "the meaning of acting in concert" is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Smith*, 64 AD3d 619, 620 [2009]; *People v Burgos*, 248 AD2d 547 [1998]) and, in any event, is without merit. The Supreme Court meaningfully responded by rereading its original instructions to the jury (*see People v Malloy*, 55 NY2d 296, 302-303 [1982], *cert denied* 459 US 847 [1982]; *People v Smith*, 64 AD3d at 620; *People v Leon*, 48 AD3d 701 [2008]).

The defendant's contention that the verdict was repugnant since the jury found him guilty of assault in the second degree while acquitting him of criminal possession of a weapon in the second, third, and fourth degrees is unpreserved for appellate review, as he failed to raise this issue before the discharge of the jury (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Moses*, 36 AD3d 720 [2007]). In any event, viewing the elements of the crimes as charged to the jury (*see People v Tucker*, 55 NY2d 1, 7 [1981]), the verdict was not repugnant since the acquittal on the counts of criminal possession of a weapon in the second, third, and fourth degrees did not negate any of the elements of assault in the second degree (*see People v Moses*, 36 AD3d at 720-721; *People v Cruz*, 175 AD2d 212, 213 [1991]).

The defendant's contention, raised in his supplemental pro se brief, that he was deprived of a fair trial by certain remarks made by the prosecutor during summation, is unpreserved for

appellate review (*see* CPL 470.05 [2]; *People v Adam*, 50 AD3d 1153 [2008]; *People v Carrieri*, 49 AD3d 660, 662 [2008]). In any event, most of the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, permissible rhetorical comment, or responsive to defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Torres*, 72 AD3d 709 [2010]; *People v Kurney*, 69 AD3d 957 [2010]). "To the extent that the prosecutor may have exceeded the bounds of permissible rhetorical comment, any error was harmless" (*People v Carter*, 36 AD3d 624 [2007]; *see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Torres*, 72 AD3d at 709).

The defendant's contention, raised in his supplemental pro se brief, that he was deprived of his right to the effective assistance of counsel is, in part, based on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Surin*, 70 AD3d 731, 732 [2010]; *People v Bigelow*, 68 AD3d 1127, 1128 [2009]; *People v Minucci*, 68 AD3d 1017, 1018 [2009]). To the extent that the defendant's contention is based upon matter appearing in the record, we find that defense counsel provided meaningful representation to the defendant at all stages of the proceedings (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.