The defendant’s contention that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s contention that he was deprived of the effective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The defendant’s contention, raised in his pro se supplemental *692 brief, that the Supreme Court erred in denying that branch of his omnibus motion which was, in effect, to direct the complainant to provide handwriting exemplars for forensic analysis and comparison with two letters allegedly sent by the complainant to the defendant while he was incarcerated, is without merit. “A criminal defendant’s rights to discovery are contained in CPL article 240” (Matter of Brown v Grosso, 285 AD2d 642, 644 [2001]; see People v Copicotto, 50 NY2d 222, 225 [1980]). “Where no statutory right of discovery is provided, no substantive right of discovery exists” (Matter of Brown v Grosso, 285 AD2d at 644). There is no statutory right entitling a defendant to handwriting exemplars from a complainant (see CPL art 240). Moreover, “[discovery which is unavailable pursuant to statute may not be ordered based on principles of due process because ‘there is no general constitutional right to discovery in criminal cases’ ” (Matter of Pirro v LaCava, 230 AD2d 909, 910 [1996], quoting Matter of Miller v Schwartz, 72 NY2d 869, 870 [1988]). In any event, the defendant’s submissions on the motion failed to establish a reasonable probability that the letters had been written by the complainant and, thus, that they would be material to his defense (see People v Fewell, 43 AD3d 1293, 1294-1295 [2007]). Accordingly, the Supreme Court properly denied that branch of the defendant’s omnibus motion which was, in effect, to direct the complainant to provide handwriting exemplars. Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.