Judgment, Supreme Court, New York County (Herbert Adlerberg, J.H.O., and Gregory Carro, J., at suppression proceed *448 ings; Bruce Allen, J., at jury trial and sentencing), rendered August 13, 2009, convicting defendant of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of five years, unanimously affirmed.
The court properly denied defendant’s motion to suppress two written statements. There is no basis for disturbing the court’s credibility determinations. The People elicited sufficient evidence to satisfy their burden of establishing the voluntariness of these statements, notwithstanding some lack of recollection on the part of police witnesses (see generally People v Witherspoon, 66 NY2d 973 [1985]). Between the two written statements, defendant made an oral statement that the court suppressed. Defendant asserts that the second written statement was the product of the suppressed statement. However, the court suppressed the statement solely on the ground of the officer’s inability to recall the details and circumstances of that statement, and it made no express finding that the statement was unlawfully obtained. It is thus unclear whether the court was suppressing the oral statement as involuntary, or on other grounds not necessarily within the proper scope of a suppression hearing, which is not concerned with the trial issue of whether a statement was actually made (see People v Garcia, 197 AD2d 380 [1st Dept 1993], lv denied 82 NY2d 849 [1993]). In any event, regardless of the reason for suppression of the oral statement, there is nothing to indicate that defendant gave the second written statement as a result of the oral statement (see People v Tanner, 30 NY2d 102, 105-106 [1972]; People v Rifkin, 289 AD2d 262, 263 [2d Dept 2001], lv denied 97 NY2d 759 [2002]). Finally, defendant did not preserve his claim that the police used coercive tactics to obtain either or both of his written statements, and we decline to review it in the interest of justice. As an alternative holding, we find that it is not supported by the record.
By failing to make timely and specific objections, defendant failed to preserve his challenges to the prosecutor’s summation (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
The court’s instruction on temporary and innocent possession, which tracked the language of the Criminal Jury Instructions, correctly stated the law. Concur — Mazzarelli, J.E, Sweeny, DeGrasse, Freedman and Gische, JJ.