THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HAYWOOD, Appellant. [2 NYS3d 164]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered April 30, 2009, convicting him of rape in the first degree (two counts), criminal sexual act in the first degree, attempted criminal sexual act in the first degree, assault in the second degree (two counts), assault in the third degree (two counts), robbery in the third degree (two counts), and unlawful imprisonment in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentences imposed on the convictions of criminal sexual act in the first degree, attempted criminal sexual act in the first degree, assault in the second degree (two counts), assault in the third degree (two counts), robbery in the third degree (two counts), and unlawful imprisonment in the second degree (two counts); as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for resentencing on those convictions.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that his conviction of unlawful imprisonment in the second degree merged with his convictions of rape in the first degree, criminal sexual act in the first degree, attempted criminal sexual act in the first degree, and robbery in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hanley*, 20 NY3d 601, 606 [2013]; *People v Rambali*, 27 AD3d 582, 583 [2006]) and, in any event, without merit (*see People v Gonzalez*, 80 NY2d 146, 153 [1992]; *People v Crosdale*, 103 AD3d 749, 751 [2013]).

The defendant's contention that the trial court erred in responding to a jury note by rereading the charge that had already been given to the jury is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Bogan*, 78 AD3d 855 [2010]) and, in any event, without merit (*see People v Santi*, 3 NY3d 234, 248 [2004]; *People v Bogan*, 78 AD3d at 856; *People v Brown*, 71 AD3d 1043 [2010]).

The trial court properly precluded the defendant from cross-examining one of the complaining witnesses regarding a notarized statement which she had denied signing, and for which the notary could not be located. "[T]here must be a proper foundation laid for the introduction of prior inconsistent statements of a witness. In order to prevent surprise and give the witness the first opportunity to explain any apparent inconsistency between his [or her] testimony at trial and his [or her] previous statements, he [or she] must first be questioned as to the time, place and substance of the prior statement" (*People v Duncan*, 46 NY2d 74, 80-81 [1978]; *see People v Weldon*, 111 NY 569, 575-576 [1888]; Richardson, Evidence § 502 [Prince 10th ed]). "If the witness does not admit that he [or she] signed the statement[ ], the genuineness of the signature can be proved by any one or in any legal way. Such proof enables the impeaching party to properly offer the paper in evidence as a part of his [or her] case or, with the permission of the court, at any other stage of the trial" (*Larkin v Nassau Elec. R.R. Co.*, 205 NY 267, 270 [1912]). Where, as here, the party seeking to admit the writing into evidence has not proven the genuineness of the signature, "the writing 'cannot be read to the jury or, provided it can be produced, used as a basis for cross-examination as to its contents until it is in evidence' " (Jerome Prince, Richardson on Evidence § 6-411 [b] at 407 [Farrell 11th ed 1995], quoting *Larkin v Nassau Elec. R.R. Co.*, 205 NY at 270; *see also People v Lyons*, 112 AD3d 849, 850 [2013]; *People v Benson*, 233 AD2d 749 [1996]). Accordingly, we decline to disturb the trial court's determination in this regard.

Further, the defendant was not entitled to the production of

handwriting exemplars in connection with his attempt to authenticate the notarized statement (*see People v Denham*, 97 AD3d 691, 692 [2012]). The defendant's contention, advanced on appeal, that the trial court's ruling on this issue constituted a violation of the Confrontation Clause, was not advanced before the trial court and is, thus, unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Liner*, 9 NY3d 856, 856-857 [2007]; *People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Bonds*, 118 AD3d 717, 718 [2014]; *People v Brummel*, 103 AD3d 805, 806-807 [2013]; *People v Mack*, 300 AD2d 254 [2002]). Moreover, in light of the substantial question concerning the reliability of the statement, we conclude that there was no due process violation in its exclusion (*see People v Dackowski*, 50 NY2d 962, 964 [1980]; *People v Panaro*, 213 AD2d 1036 [1995]; *cf. People v Thompson*, 111 AD3d 56, 67 [2013]; *People v Bradley*, 99 AD3d 934, 936-937 [2012]).

"[T]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*People v Diggins*, 11 NY3d 518, 524 [2008]; *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]). A request by the prosecution for a brief adjournment for the purpose of obtaining a material witness should be granted where, among other factors, the prosecution demonstrates some diligence and good faith, as it did here (*see People v Singleton*, 41 NY2d 402,406 [1977]; *People v Ramlall*, 99 AD3d 815 [2012]; *People v DeCampoamor*, 91 AD3d 669, 671 [2012]; *People v Nunez*, 199 AD2d 285, 286 [1993]). In addition, the defendant failed to show any prejudice (*see People v McRae*, 62 AD3d 723 [2009]).

The Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPL 200.20 (3) to sever the charges in the indictment involving a separate incident. The charges in the indictment were properly joined pursuant to CPL 200.20 (2) (c), since the crimes share common elements, and the criminal conduct at the heart of each crime was comparable (*see People v Pierce*, 14 NY3d 564, 574 [2010]; *People v Beltran*, 110 AD3d 153, 162-163 [2013]). Where offenses are joinable under CPL 200.20 (2) (c), a defendant can seek a discretionary severance, but "severance will be granted only if he [or she] can persuade the court that the severance should be granted 'in the interest of justice and for good cause shown' " (*People v Lane*, 56 NY2d 1, 7 [1982], quoting CPL 200.20 [3]). Here, the defendant failed to demonstrate that there was substantially more proof of one incident, as compared to the other, and that there was a substantial likelihood that the jury would be unable to consider separately the proof as it related to

each incident (*see People v Martinez*, 69 AD3d 958, 959 [2010]). Further, there is nothing in the record indicating that the jury was "unable to separately consider the discrete charges" (*id.* [citation omitted]; *see People v Montalvo*, 34 AD3d 600, 601 [2006]). The fact that sex crimes were involved in both incidents did not provide a sufficient basis to require a severance (*see People v Cox*, 298 AD2d 461 [2002]; *People v Jarvis*, 215 AD2d 588 [1995]; *People v Prezioso*, 199 AD2d 343 [1993]; *People v Hall*, 169 AD2d 778 [1991]; *cf. People v Shapiro*, 50 NY2d 747 [1980]). Thus, it is not necessary to consider the People's alternate argument that the counts were properly joinable pursuant to CPL 200.20 (2) (b).

The defendant failed to sustain his "high burden of demonstrating that he was deprived of a fair trial by less than meaningful representation" (*People v Hobot*, 84 NY2d 1021, 1022 [1995]).

The sentencing minutes indicate that the court imposed indeterminate terms of imprisonment of 1½ to 4 years upon each of the two convictions of unlawful imprisonment in the second degree. However, the order of commitment recited that definite terms of imprisonment of one year were imposed on each of those counts. Unlawful imprisonment in the second degree (Penal Law § 135.05) is a class A misdemeanor carrying, at most, a definite term of imprisonment of one year (*see* Penal Law § 70.15 [1]). Thus, the terms of imprisonment imposed upon the defendant's conviction of those misdemeanors, as set forth in the sentencing minutes, were illegal, while the terms of imprisonment recited in the order of commitment were legal. In addition, the defendant was convicted of rape in the first degree and numerous other crimes involving each of the two victims, B.S. and L.M. While the sentencing minutes indicated that the terms of imprisonment imposed upon the convictions involving B.S. were to run concurrently with each other but consecutively to the concurrent terms imposed upon the convictions involving L.M., the amended order of commitment filed July 6, 2009, indicated that only the terms imposed upon the two convictions of rape in the first degree were to run consecutively; the terms imposed upon the convictions of all of the other charges were to run concurrently with each other. Such discrepancies require remittal for resentencing on the convictions other than those of rape in the first degree (*see People v Rivers*, 74 AD3d 995, 995 [2010], *affd* 18 NY3d 222 [2011]; *People v Pope*, 74 AD3d 842, 843 [2010]; *People v Reed*, 2 AD3d 463 [2003]; *People v Cano*, 287 AD2d 730 [2001]; *People v Lerner*, 122 AD2d 813 [1986]).

The defendant's remaining contentions in his pro se supple-

mental brief are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.