■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY KAYE, Appellant. [26 NYS3d 593]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 21, 2013, convicting him of course of sexual conduct against a child in the second degree, sexual abuse in the first degree (four counts), and sexual abuse in the third degree, upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of seven years on the conviction of course of sexual conduct against a child in the second degree, seven years on each conviction of sexual abuse in the first degree, and 90 days on the conviction of sexual abuse in the third degree, followed by periods of postrelease supervision. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed on the convictions of sexual abuse in the first degree under counts two and three of the indictment for acts occurring on January 22, 2011, shall run concurrently with each other and consecutively to the sentences imposed on the convictions under the remaining counts of the indictment; as so modified, the judgment is affirmed.

The Supreme Court did not err in denying, after a hearing, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. At a hearing to suppress statements made to law enforcement officials, the People have the burden of demonstrating, beyond a reasonable doubt, that the defendant's statements were voluntary (*see People v Thomas*, 22 NY3d 629, 641 [2014]; *People v Guilford*, 21 NY3d 205, 208 [2013]). "To do that, they must show that the statements were not products of coercion, either physical or psychological" (*People v Thomas*, 22 NY3d at 641). Here, the People proved, at the hearing, that the defendant knowingly and voluntarily waived his *Miranda* rights (*Miranda v Arizona*, 384 US 436 [1966]; *see People v Kithcart*, 85 AD3d 1558, 1559 [2011]; *People v Drumm*, 15 AD3d 910 [2005]). The People also proved that the statements were made voluntarily and were not the product of coercion (*see People v Kithcart*, 85 AD3d at 1559; *People v Caballero*, 23 AD3d 1031, 1032 [2005]; *see also People v Moses*, 112 AD3d 447, 448 [2013]; *People v Vieou*, 107 AD3d 1052, 1053-1054 [2013]).

The Supreme Court did not err in denying the defendant's motion to reopen the suppression hearing, as the defendant failed to set forth a bona fide factual predicate showing that a proposed witness possessed material evidence as to the

voluntariness of the statements (*see People v Whaul*, 63 AD3d 1182, 1183 [2009]; *People v Fowler*, 61 AD3d 698 [2009]; *People v Caballero*, 23 AD3d at 1032).

Under the circumstances of this case, the Supreme Court did not err in denying the defendant's application to present expert testimony on the subject of false confessions (*see People v Bedessie*, 19 NY3d 147, 161 [2012]; *People v Joubert*, 125 AD3d 686 [2015]; *People v Rosario*, 100 AD3d 660, 661 [2012]; *People v Mutterperl*, 97 AD3d 699, 700 [2012]).

The Supreme Court did not err in denying the defendant's motion to sever certain counts from the remainder of the indictment (*see* CPL 200.20 [2] [c]; *People v Haywood*, 124 AD3d 798, 800-801 [2015]; *People v Martinez*, 69 AD3d 958, 959 [2010]; *People v Cox*, 298 AD2d 461 [2002]). However, the court should have charged the jury that evidence of guilt as to one incident should not be considered as evidence of guilt as to the other incidents (*see People v Graham*, 196 AD2d 552 [1993]; *see also People v Caparella*, 83 AD3d 730 [2011]). Nevertheless, such error was harmless, as there was overwhelming evidence of guilt, and no significant probability that the error affected the verdict (*see People v Crimmins*, 36 NY2d 230 [1975]).

The defendant failed to preserve for appellate review his contention that counts two and three of the indictment were multiplicitous (*see* CPL 470.05 [2]). However, we reach this issue in the exercise of our interest of justice jurisdiction and modify the judgment so as to provide that the sentences imposed on the convictions under counts two and three shall run concurrently with each other, because the offenses charged in those counts were "committed through a single act" (Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Grant*, 123 AD3d 942, 944 [2014]). Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.