of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE LEWIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered October 23, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by the defendant.

Ordered that the judgment is affirmed.

The People sustained their burden of proving beyond a reasonable doubt that the confession made by the defendant subsequent to his having been taken into police custody was voluntarily made *(People v Huntley,* 15 NY2d 72, 78). The hearing court properly credited the testimony of the interrogating police officer that the *Miranda* warnings were administered to the defendant and that the defendant indicated a willingness to give a statement after acknowledging that he understood those rights. The determination of the suppression court, which had the opportunity to observe the demeanor of the witnesses, should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Armstead,* 98 AD2d 726).

In addition, we note that the defendant did not object at trial to those portions of the charge concerning the voluntariness of his confession upon which he now requests reversal. Accordingly, the defendant's claims are unpreserved for appellate review as a matter of law *(see,* CPL 470.05 [2]) and we find that reversal is not warranted as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

In imposing sentence, the court properly applied the appropriate sentencing principles, including deterrence, rehabilitation, retribution, and isolation *(People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions,

including those raised in his *pro se* supplemental brief, and find them to be without merit. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.