■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, WILBER N. SIMINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered June 23, 1986, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of criminal possession of a controlled substance in the seventh degree as charged in the third count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was convicted, *inter alia,* of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree arising from the sale of cocaine to an undercover officer. However, as

conceded by the People, criminal possession of a controlled substance in the seventh degree is a lesser included offense of criminal possession of a controlled substance in the third degree, which, under the circumstances of this case, should have been dismissed pursuant to CPL 300.40 (3) (b) *(see, People v Grier,* 37 NY2d 847, 848; *People v Reyes,* 126 AD2d 681, *lv denied* 70 NY2d 654).

The defendant further asserts that the trial court failed to charge the jury that it was not to consider or speculate concerning matters relating to sentence or punishment. However, the failure to so charge has not been preserved for appellate review as a matter of law *(see, People v Perez,* 118 AD2d 666, *lv denied* 67 NY2d 948), and, upon the facts of this case, reversal in the interest of justice is unwarranted. The evidence of guilt is overwhelming, the defendant having been apprehended within minutes of the sale to the undercover officer, and identified at the scene and at the precinct with the controlled substance in his possession. Further, the trial court generally instructed the jury that they were not to consider anything outside of the evidence which might influence their verdict and otherwise complied with CPL 300.10 (2) in its instruction. Thus, the verdict would not have been any different had the court instructed the jury not to speculate as to sentencing or punishment *(see, People v Creech,* 101 AD2d 753, 754).

Finally, the defendant contends that the posttrial affidavit of a juror supports a finding that the verdict would have been different due to speculation on sentencing matters during deliberations. We disagree. The juror herself stated to the trial court in a posttrial hearing that she felt guilt was proven beyond a reasonable doubt on all counts except count four of the indictment, and the trial court dismissed that count as a result. The postverdict affidavit in this case does not fall within the exception to the rule that jurors may not impeach their own verdicts *(see, People v De Lucia,* 20 NY2d 275, 279). No inherent prejudice to the defendant has been shown. Brown, J. P., Kunzeman, Kooper and Balletta, JJ., concur.