■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY MIDDLETON, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Queens County (Leahy, J.), rendered August 17, 1988, convicting him of murder in the second degree (two counts) and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the hearing court should have suppressed his statements because the police knew that he had a pending case and that he actually had counsel on that case. Further, the defendant claims that his statements should have been suppressed as the fruit of an unlawful arrest. In *People v Bing* (76 NY2d 331), the Court of Appeals overruled its previous holding in *People v Bartolomeo* (53 NY2d 225), holding, in separate prosecutions of three defendants for crimes unrelated to prior pending charges on which they were represented by counsel, that the defendants' rights to counsel were not violated where each defendant, in the absence of counsel, waived his *Miranda* rights and was questioned by the police solely on matters unrelated to the prior pending charge *(see, People v Bing, supra,* at 349-351). Inasmuch as *Bing* holds that there is no longer a derivative right to the presence of counsel arising from an established attorney-client relationship on prior pending charges *(see, People v Bing, supra,* at 345), the issue here becomes solely whether the court correctly found that the defendant had knowingly and voluntarily waived his *Miranda* rights and that the police questioned him solely on matters unrelated to the prior pending charge *(see, People v Bing, supra,* at 351). The determination of the hearing court, which had the opportunity to observe the demeanor of the witnesses, should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Lewis,* 138 AD2d 632). Here, the record demonstrates that on October 11th, after arresting the defendant at the Five Towns Motor Inn, Detective John McCann advised him of his *Miranda* rights, that the defendant stated that he understood each of those rights, and that, after waiving them, he signed a statement that he had dictated to the police.

With regard to whether the defendant's arrest violated the mandates of *Payton v New York* (445 US 573) and *People v Harris* (72 NY2d 614, *revd* 495 US 14), we note that the defendant failed to raise this issue in his motion papers or at

the hearing itself, and has therefore failed to preserve it for appellate review (see, People v Martin, 50 NY2d 1029; People v Udzinski, 146 AD2d 245, 249). In any event, the record demonstrates that Karen Timmons, who was also staying in the room, gave McCann the key to the room, thereby tacitly consenting to entry by the police (see, People v Adams, 53 NY2d 1; People v Clement, 154 AD2d 545; People v Schof, 136 AD2d 578).

We have considered the defendant's remaining contentions and find them to be either unpreserved or without merit. Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.