■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY BROWN, Appellant. [618 NYS2d 439] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered November 30, 1992, convicting him of rape in the first degree, sexual abuse in the first degree, burglary in the first degree (two counts), assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the jury charge failed to indicate that the indictment was not evidence in the case, and that the court shifted the burden of proof by charging "[n]ow who speaks the truth? This is the question for you to determine. To the best of your ability, I ask you to apply common sense and good judgment and to be fair in your judgment". Each of these alleged errors is unpreserved for appellate review as the defendant failed to raise any objection to the charge in the trial court *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, while the court did not specifically instruct the jury that the indictment was not evidence, it thoroughly explained what could be considered as evidence. Further, the court specifically stated in charging each count that the burden was on the People to prove each element beyond a reasonable doubt. Thus, the charge, taken as a whole, adequately instructed the jury as to the burden of proof *(see, People v Russell,* 266 NY 147, 153).

This Court has also held that the isolated question " 'Who speaks the truth? This is a question for you to decide' " does not alone warrant reversal where "the court's charge viewed in its entirety adequately explained the concepts of reasonable doubt and the People's burden of proof and made it clear that the defendant bore no burden of proof" *(People v Jones,* 173 AD2d 487). Since the charge adequately informed the jury that the burden was that of the People and the People alone and that the defendant bore no burden of proof, reversal is not warranted *(see, People v Coleman,* 70 NY2d 817, 819; *People v Green,* 154 AD2d 616). Thompson, J. P., Balletta, Rosenblatt and Florio, JJ., concur.