■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MATEO, Appellant. [772 NYS2d 576]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered February 19, 2002, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's unpreserved contention, the Supreme Court's supplemental charge on circumstantial evidence did not deprive him of a fair trial. The supplemental charge conveyed a correct statement of the law (*see People v Geraci,* 85 NY2d 359, 369 [1995]; *People v Ford,* 66 NY2d 428, 442 [1985]; *People v Benzinger,* 36 NY2d 29, 32 [1974]; *People v Jackson,* 261 AD2d 636, 637 [1999]). Moreover, the charge, read in its entirety, was fair, balanced, and not prejudicial to the defendant (*see People v Mitchell,* 129 AD2d 589, 590 [1987]; *cf. People v Brabham,* 77 AD2d 626 [1980]).

The sentence imposed was not excessive, nor was it improperly based on crimes for which the defendant was acquitted (*see People v Matthews,* 1 AD3d 530 [2003]; *People v Ferere,* 294 AD2d 596, 597 [2002]; *People v Suitte,* 90 AD2d 80 [1982]; *cf. People v Innis,* 288 AD2d 236 [2001]; *People v Santiago,* 277 AD2d 258, 259 [2000]). Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MCKENZIE, Appellant. [772 NYS2d 587]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered August 23, 2002.

Ordered that the judgment is affirmed (*see People v Seaberg,* 74 NY2d 1 [1989]; *People v Pellegrino,* 60 NY2d 636 [1983]). Santucci, J.P., Smith, Luciano and Adams, JJ., concur.