THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYQUAN S., Appellant. [864 NYS2d 170]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Holdman, J.), rendered January 19, 2007, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The defendant's waiver of his right to appeal was ineffective (*see People v Williams,* 52 AD3d 748 [2008]; *People v Warde,* 45 AD3d 879 [2007]; *People v Hurd,* 44 AD3d 791, 792 [2007]).

At sentencing, after praising the defendant's performance in successfully completing a six-month program under the auspices of the Center for Alternative Sentencing and Employment Services (hereinafter C.A.S.E.S.), following his plea of guilty, the Supreme Court declined to afford him youthful offender treatment, telling him: "Unfortunately, I'm not going to give you the Y.O. based on the statute and what limitations I have in giving youthful offender status . . . [D]on't take this as a negative

from me. It's, my hands are tied with regards to this area." This statement raises the question of whether the court was denying youthful offender treatment because it concluded that, notwithstanding the defendant's admittedly excellent performance at C.A.S.E.S., he did not merit youthful offender treatment or, instead, because the court was of the belief that, under the applicable statutes, it lacked the authority to afford the defendant such treatment. If the latter, the court was mistaken.

Because there were "mitigating circumstances that bear directly upon the manner in which the crime was committed," the defendant was an "eligible youth" (CPL 720.10 [3] [i]), and the court had the discretion to find that he was a youthful offender (*see* CPL 720.10 [2] [a]; [3]; Penal Law § 70.02 [4] [b]; *People v Bruce L.,* 44 AD3d 688 [2007]; *cf. People v Garcia,* 84 NY2d 336, 341 [1994]). Therefore, we remit the case to the Supreme Court, Kings County, to afford it an opportunity to determine whether, in its discretion, the "interest of justice would be served by relieving the [defendant] from the onus of a criminal record" (CPL 720.20 [1] [a]; *see People v Bruce L.,* 44 AD3d at 688; *People v Rivera,* 27 AD3d 491 [2006]; *cf. People v Smith,* 21 AD3d 1342 [2005]). Prudenti, P.J., Fisher, Miller, Balkin and Belen, JJ., concur.