■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMAR BROWN, Appellant. [896 NYS2d 872]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered April 1, 2009, convicting him of criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORRELL BROWN, Appellant. [896 NYS2d 873]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 14, 2008, convicting him of robbery in the first degree, upon a jury verdict, and sentencing him to a determinate term of 12 years imprisonment, followed by five years of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the determinate term of 12 years imprisonment to a determinate term of nine years imprisonment; as so modified, the judgment is affirmed.

The Supreme Court providently exercised its discretion in declining to impose any sanction against the People for the loss of *Rosario* material (*People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]). The defendant failed to carry his burden of showing a reasonable possibility that the police officer's destruction of a draft complaint report materially contributed to the defendant's conviction or caused him any prejudice (*see* CPL 240.75; *People v Sorbello*, 285 AD2d 88, 96 [2001]; *People v Norris*, 34 AD3d 501, 502-503 [2006]).

The defendant's contention that the trial court's response to a jury note was not "meaningful" (*People v Malloy*, 55 NY2d 296, 301 [1982], *cert denied* 459 US 847 [1982]; CPL 310.30) is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]) and, in any event, is without merit, as the supplemental charge conveyed a correct statement of the law (*see People v Mateo*, 5 AD3d 507 [2004]), and was consistent with the main charge to which the defendant did not object.

The sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.