■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAWARA BROCKETT, Appellant. [904 NYS2d 172]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered January 8, 2007, convicting him of manslaughter in the first degree and criminal

possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and as a matter of discretion in the interest of justice, a new trial is ordered on the charge of criminal possession of a weapon in the second degree, and the indictment is otherwise dismissed with leave to the People to re-present any appropriate charges to another grand jury (see People v Beslanovics, 57 NY2d 726, 727 [1982]).

The defendant was indicted on charges of murder in the second degree, criminal possession of a weapon in the second degree, three counts of criminal possession of a weapon in the fourth degree, and two counts of unlawful possession of marijuana.

At the charge conference, the trial judge informed counsel that he would submit to the jury the charge of murder in the second degree, with a lesser-included offense of manslaughter in the first degree, one count of criminal possession of a weapon in the second degree for the weapon used in the shooting, and one count of criminal possession of a weapon in the fourth degree for the gun found in the defendant's bedroom that was not used in the shooting. Defense counsel objected to charging the lesser-included offense of manslaughter in the first degree, but requested that the court charge manslaughter in the second degree as a lesser-included offense. The trial judge found that there was a reasonable view of the evidence that would support both charges and determined that it would charge both manslaughter in the first degree and manslaughter in the second degree. However, without providing any reason on the record, the trial judge failed to charge manslaughter in the second degree. After the completion of the charge, defense counsel did not except or ask for additional charges.

The defendant was acquitted of murder in the second degree and criminal possession of a weapon in the fourth degree and found guilty of manslaughter in the first degree, as a lesser-included offense, and criminal possession of a weapon in the second degree.

On appeal, the defendant contends that the failure of defense counsel to object to the charge, which omitted manslaughter in the second degree, constituted ineffective assistance of counsel. The People contend that because the trial judge failed to charge manslaughter in the second degree, there must have been an off-the-record discussion with the Supreme Court at which the People were not present, wherein defense counsel withdrew his request for that charge.

The record does not reflect an application by defense counsel to withdraw his request to charge manslaughter in the second degree. Nor was any documentary evidence presented to this Court that would support that contention.

Under the facts adduced at the trial, it was error for the trial judge to fail to charge manslaughter in the second degree when requested by the defendant (*see People v Irizarry*, 213 AD2d 425 [1995]). Viewed in the light most favorable to the defendant, there was a reasonable view of the evidence that the defendant may have been guilty of the lesser crime and not the greater (*see People v Martin*, 59 NY2d 704, 705 [1983]; *People v Green*, 56 NY2d 427 [1982]; *People v Henderson*, 41 NY2d 233, 236 [1976]; *People v Lee*, 35 NY2d 826 [1974]; *People v Brantley*, 209 AD2d 272 [1994]). Therefore, the failure to charge manslaughter in the second degree compromised the defendant's right to a fair trial.

Although this error was not preserved for appellate review (*see* CPL 470.05 [2]; *People v Ford*, 11 NY3d 875, 878 [2008]; *People v Cordes*, 71 AD3d 912 [2010]; *People v LaPetina*, 34 AD3d 836, 840 [2006], *affd* 9 NY3d 854 [2007]), under the circumstances, as the defendant was acquitted of intentional murder and convicted of the lesser-included offense of manslaughter in the first degree, we nevertheless reach the matter in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Cotterell*, 7 AD3d 807, 807 [2004]; *People v Rosario*, 300 AD2d 512, 513 [2002]; *People v Little*, 215 AD2d 778, 779 [1995]).

In addition, the failure to charge manslaughter in the second degree, which is defined as "recklessly" causing the death of another person (Penal Law § 125.15 [1]), had a prejudicial effect with respect to the defendant's conviction of criminal possession of a weapon in the second degree, which is defined as possession "with intent to use the same unlawfully against another" (Penal Law § 265.03 [1] [b]). The defendant's possession of the weapon is factually related to the shooting and, thus, given the underlying factual relationship between the crimes, the defendant is entitled to a new trial on the count of criminal possession of a weapon in the second degree (*see People v McDaniel*, 81 NY2d 10, 20 [1993]; *People v Cohen*, 50 NY2d 908, 911 [1980]; *cf. People v Irizarry*, 213 AD2d 425 [1995]).

Thus, we reverse the judgment and grant a new trial on count two of the indictment, charging criminal possession of a weapon in the second degree. Inasmuch as defendant was convicted of manslaughter in the first degree, the lesser-included offense under count one of the indictment, that count is dismissed with

leave to the People to re-present any appropriate charges to another grand jury (*see People v Gonzalez*, 61 NY2d 633 [1983]; *People v Beslanovics*, 57 NY2d 726, 727 [1982]; *People v Rodriguez*, 69 AD3d 143 [2009]; *People v Collier*, 303 AD2d 1008, 1009 [2003]; *People v Ducasse*, 273 AD2d 399 [2000]).

As the matter is being remitted, we also review the defendant's contention that the trial judge should not have participated as a reader when the jury asked for a read-back of testimony, and we agree with that contention. When, during a read-back of testimony, a trial judge assumes the role of a witness or inquiring counsel, he or she may unwittingly and erroneously convey to jury that the court is aligned with the party or counsel whose role the court has assumed in the read-back (*see generally People v De Jesus*, 42 NY2d 519 [1977]).

The defendant's remaining contentions have been rendered academic or are without merit. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.