■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BOGAN, Appellant. [911 NYS2d 166]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 14, 2008, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he did not have a constitutional right to counsel at his codefendants' *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) "because that proceeding was not a critical stage of his trial, as it was unrelated to his prosecution" (*People v Morris*, 187 AD2d 460, 461 [1992]; *see People v Contreras*, 12 NY3d 268, 273 [2009]; *People v Anderson*, 16 NY2d 282 [1965]).·

The defendant contends that the jury charge was incomplete on the subject of the credibility of the witnesses, that it failed to instruct the jury that the indictment was not evidence in the case, and that it failed to inform the jurors that they must evaluate the evidence separately as it applies to each defendant. The defendant also asserts that the Supreme Court's supplemental charge insufficiently apprised the jurors that the People had the burden of establishing each element of the charged offense beyond a reasonable doubt. Each of these alleged errors is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Brown*, 71 AD3d 1043, 1044 [2010]; *People v Brown*, 209 AD2d 428 [1994]). In any event, contrary to the defendant's contention, the Supreme Court did instruct the jurors that they were required to evaluate the evidence separately as to each defendant. While the Supreme Court did not specifically instruct the jury that the indictment was not evidence, it thoroughly explained that the

jury's determination was to be based solely on the evidence presented at trial, and that the burden was on the People to prove beyond a reasonable doubt each element of the crime charged and that the defendant was the person who committed the crime. The charge, taken as a whole, adequately instructed the jury as to the burden of proof, was a correct statement of the law, and sufficiently apprised the jury on weighing the credibility of the witnesses (*see People v Whalen*, 59 NY2d 273, 279 [1983]; *People v Banks*, 280 AD2d 608, 609 [2001]; *People v Brown*, 209 AD2d 428 [1994]). Further, the supplemental charge conveyed a correct statement of the law (*see People v Mateo*, 5 AD3d 507 [2004]), and was consistent with the main charge, to which the defendant did not object (*see People v Brown*, 71 AD3d 1043, 1044 [2010]).

The defendant failed to establish that he was prejudiced by the loss of certain *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), and the Supreme Court, thus, properly declined to draw an adverse inference against the People with respect to the content of that material (*see* CPL 240.75; *People v Joseph*, 86 NY2d 565, 570 [1995]; *People v Banch*, 80 NY2d 610, 616 [1992]; *People v Wallace*, 76 NY2d 953, 955 [1990]).

The defendant claims that the Supreme Court deprived him of the right to be present during the issuance of supplemental jury instructions (*see* CPL 310.30). However, the record does not indicate that the defendant was absent during the instructions, and the defendant failed to come forward with substantial evidence to rebut the presumption of regularity that attaches to all criminal proceedings (*see People v Andrew*, 1 NY3d 546, 547 [2003]; *People v Velasquez*, 1 NY3d 44, 48 [2003]; *People v Talbert*, 303 AD2d 696 [2003]; *People v Davis*, 151 AD2d 596 [1989]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]). Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.