■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL FACEY, Appellant. [960 NYS2d 490]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered November 30, 2010, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in denying his request for a missing witness charge is only partially preserved for appellate review since some of the specific arguments he now makes were not raised before the trial court (*see* CPL 470.05 [2]; *People v Spinelli*, 79 AD3d 1152 [2010]; *People v Lopez*, 19 AD3d 510, 511 [2005]). In any event, this contention is without merit, as the defendant failed to demonstrate that the witness's testimony would have been noncumulative (*see People v Edwards*, 14 NY3d 733, 735 [2010]; *People v Buckler*, 39 NY2d 895, 897 [1976]; *People v Stewart*, 96 AD3d 880, 881 [2012]; *People v Lemke*, 58 AD3d 1078, 1079 [2009]; *People v Watson*, 220 AD2d 333 [1995]).

Although the defendant's contention regarding the trial court's participation in reading back certain trial testimony is unpreserved for appellate review, we nevertheless reach the issue in the exercise of our interest of justice jurisdiction. The defendant is correct that the court erred in this respect. We take this opportunity to emphasize that "[w]hen, during a read-back of testimony, a trial judge assumes the role of a witness or inquiring counsel, he or she may unwittingly and erroneously convey to [the] jury that the court is aligned with the party or counsel whose role the court has assumed in the read-back" (*People v Brockett*, 74 AD3d 1218, 1221 [2010]; *see generally People v De Jesus*, 42 NY2d 519 [1977]). While the defendant's contention has merit, the error was harmless, and under the circumstances of this case, the error did not deprive the defendant of a fair trial (*see People v Crimmins*, 36 NY2d 230 [1975]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]). Skelos, J.P., Leventhal, Hall and Sgroi, JJ., concur.