■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KOURTNEY FEURTADO, Appellant. [977 NYS2d 393]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 13, 2011, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to establish that he was prejudiced by the loss of certain *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), and thus, the Supreme Court properly declined to give an adverse inference charge with respect to the content of that material (*see* CPL 240.75; *People v Brown*, 71 AD3d 1043 [2010]; *People v DiFiore*, 46 AD3d 835 [2007]; *Matter of Benjamin J.*, 10 AD3d 608 [2004]).

The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial when the Supreme Court participated in the readbacks of certain testimony to the jury by assuming the role of a witness or inquiring counsel (*see* CPL 470.05 [2]; *People v Alcide*, 21 NY3d 687 [2013]). In any event, under the circumstances of this case, any error the court may have committed by participating in the readbacks was harmless and did not deprive the defendant of a fair trial (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Facey*, 104 AD3d 788, 789 [2013]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's contention that the Supreme Court should have afforded him youthful offender treatment is without merit (*see* CPL 720.10 [2] [a] [ii]; [3] [i]; *cf. People v Tyquan S.*, 54 AD3d 1062 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur.