Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 13, 2011, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant failed to establish that he was prejudiced by the loss of certain Rosario material (see People v Rosario, 9 NY2d 286 [1961], cert denied 368 US 866 [1961]), and thus, the Supreme Court properly declined to give an adverse inference charge with respect to the content of that material (see CPL 240.75; People v Brown, 71 AD3d 1043 [2010]; People v DiFiore, 46 AD3d 835 [2007]; Matter of Benjamin J., 10 AD3d 608 [2004]).
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial when the Supreme Court participated in the readbacks of certain testimony to the jury by assuming the role of a witness or inquiring counsel (see CPL 470.05 [2]; People v Alcide, 21 NY3d 687 [2013]). In any event, under the circumstances of this case, any error the court may have committed by participating in the readbacks was harmless and did not deprive the defendant of a fair trial (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v Facey, 104 AD3d 788, 789 [2013]).
The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
The defendant’s contention that the Supreme Court should have afforded him youthful offender treatment is without merit (see CPL 720.10 [2] [a] [ii]; [3] [i]; cf. People v Tyquan S., 54 AD3d 1062 [2008]).
*963 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur.