■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIKOLAY BARANOV, Appellant. [993 NYS2d 337]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 3, 2011, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence at trial in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt of manslaughter in the first degree beyond a reasonable doubt (*see People v Morales*, 288 AD2d 328, 328 [2001]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference

to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court properly declined to charge the jury on the defense of justification, because there was no reasonable view of the evidence supporting a justification charge (*see People v Anderson*, 114 AD3d 1083, 1087 [2014]; *People v Plowden*, 5 AD3d 609, 609-610 [2004]; *People v Bennett*, 279 AD2d 585, 585 [2001]). Viewed in the light most favorable to the defendant, there is no reasonable view of the evidence that, at the time he used deadly physical force against the extremely intoxicated 97-pound victim, the 240-pound defendant reasonably believed that it was necessary to use deadly physical force to defend himself against her.

The trial court also properly declined to deliver an expanded instruction as to the voluntariness of the defendant's statement to law enforcement officials. A defendant is entitled to raise the issue of voluntariness both at a suppression hearing and at trial (*see* CPL 710.70 [3]; *People v Huntley*, 15 NY2d 72, 78 [1965]; *People v Murray*, 130 AD2d 773, 774 [1987]). At trial, however, the court is not required to instruct the jury on the issue of voluntariness unless the defendant requests the charge, and "evidence sufficient to raise a factual dispute has been adduced either by direct or cross-examination" (*People v Cefaro*, 23 NY2d 283, 288-289 [1968]; *see People v Medina*, 93 AD3d 459, 460 [2012]). Here, nothing in the evidence adduced at trial raised a factual dispute about the voluntariness of the defendant's statement (*see People v White*, 27 AD3d 884, 886 [2006]). In particular, nothing elicited during the defendant's cross-examination of the interrogating detectives created a factual dispute about whether the detectives gave the defendant *Miranda* warnings (*see Miranda v Arizona*, 384 US 436, 444 [1966]), or about whether the defendant understood English well enough to understand those warnings. Accordingly, the trial court properly declined to instruct the jury on the factors related to the evaluation of voluntariness (*see People v White*, 27 AD3d at 886).

The defendant's remaining contentions with respect to the trial court's instructions to the jury are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Simington*, 138 AD2d 757, 758 [1988]; *People v Lewis*, 138 AD2d 632, 632 [1988]), and we decline to reverse the judgment in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

After the trial court received a note from the jury requesting the readback of certain testimony, defense counsel, in response to the court's inquiry, stated that he had no objection to the court's participation as a reader in connection with the readbacks. Accordingly, the defendant's contention that the court's participation as a reader was improper is unpreserved for appellate review (*see People v Alcide*, 21 NY3d 687, 695-696 [2013]), and we decline to reverse the judgment in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). Nonetheless, we again remind the trial justice that he should not participate as a reader when readbacks are requested by a jury (*see People v Brockett*, 74 AD3d 1218, 1221 [2010]; *see also People v Townsend*, 120 AD3d 595 [2014]), and that this type of participation should not be repeated. In this regard, the court's practice risks erroneously conveying to the jury that the court is aligned with the party or counsel whose role the court has assumed in the readback (*see People v Feurtado*, 112 AD3d 962, 962 [2013]; *People v Facey*, 104 AD3d 788, 789 [2013]; *People v Brockett*, 74 AD3d at 1221). "[A]s a general matter, a trial judge should shun engaging in readbacks of testimony. In the usual case, it is easy enough for a judge to assign this task to nonjudicial court personnel and thereby avoid any risk of creating a misperception in the minds of the jurors" (*People v Alcide*, 21 NY3d at 695).

We reject the defendant's contention that defense counsel's failure to object to the trial court's participation as a reader in connection with the readbacks was a deficiency of such magnitude, in and of itself, as to have deprived him of meaningful representation (*cf. People v Turner*, 5 NY3d 476 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.