The People of the State of New York, Appellant,
against
Andrea Botero, Respondent.




Queens County District Attorney (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi and Christopher J. Blira-Koessler of counsel), for appellant.
Labe M. Richman, for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Suzanne J. Melendez, J.), dated November 24, 2017. The order granted defendant's motion, pursuant to CPL 440.10, to vacate a judgment of that court (Robert M. Raciti, J.) rendered October 13, 2005 convicting defendant, upon her plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




ORDERED that the order is affirmed.
Defendant and two codefendants were jointly charged in a felony complaint with two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). All three were accused, pursuant to the automobile presumption (Penal Law § 220.25 [1]), of constructively possessing a baggie of cocaine found underneath the front passenger seat of a car in which they had been sitting. Defendant had been sitting in the rear passenger seat. 
On October 13, 2005, defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) in exchange for a probationary sentence. Approximately 10 years later, defendant, who had no legal status at the time of her plea, moved, pursuant to CPL 440.10 (1) (h), to vacate the judgment and her plea on the ground that she had received the ineffective assistance of counsel. 
After a hearing was held, the Criminal Court credited defendant's testimony that defense counsel had told her that, by pleading guilty and not going to trial, her case would not attract the attention of U.S. Immigration and Customs Enforcement, and that, upon the completion of her probationary sentence, she would be able to apply for legal residency and a green card. However, this advice was incorrect. In actuality, defendant's conviction of criminally possessing a [*2]controlled substance permanently barred her from legalizing her immigration status (8 USC § 1182 [a] [2] [A] [i] [II]). This erroneous advice was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" (Strickland v Washington, 466 US 668, 687 [1984]; see People v McDonald, 1 NY3d 109 [2003]). Thus, defendant established a violation of the performance prong of the Strickland test.
The prejudice prong of Strickland "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process" (Hill v Lockhart, 474 US 52, 59 [1985]). The People assert that, because the Criminal Court found that defendant's testimony contained exaggerations and inconsistencies, the Criminal Court erred in crediting defendant's claim that, had she received correct immigration advice from defense counsel, she would not have accepted the plea deal. We disagree. The Criminal Court's finding that part of defendant's testimony was incredible did not preclude a finding that other portions of defendant's testimony relevant to evaluating her CPL 440.10 claims were credible (see e.g. People v Mahoney, 165 AD3d 980, 981 [2018] ["Although there were inconsistencies in the officer's testimony, these inconsistencies did not render the officer's testimony incredible"]; People v Middleton, 180 AD2d 761, 762 [1992] ["The determination of the hearing court, which had the opportunity to observe the demeanor of the witnesses, should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record"]).
The record supports the Criminal Court's finding that defense counsel's deficient performance prejudiced defendant by foreclosing any possibility of her achieving a legal immigration status. Defendant credibly contends that, in taking the plea, she expected to retain the capability to adjust her immigration status to one of a legal resident at a later date. She entered the United States lawfully with her family at the age of 10; she has lived in this country ever since; and, at the time of her plea, she was married to a United States citizen. 
Because both prongs of the Strickland test were established satisfactorily, the Criminal Court correctly granted defendant's motion to vacate the judgment of conviction and defendant's guilty plea. Further, as defendant's claim passes the more stringent Strickland test for ineffective assistance of counsel, this court "need not consider whether defendant demonstrated that [s]he was deprived of meaningful representation under the New York State standard" (People v Valle, 39 Misc 3d 126[A], 2013 NY Slip Op 50409[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]).
Accordingly, the order is affirmed.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 31, 2019