People v Gordon (2023 NY Slip Op 06751)

People v Gordon

2023 NY Slip Op 06751

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2018-09246
 (Ind. No. 3414/16)

[*1]The People of the State of New York, respondent, 
v
Shuquan Gordon, appellant. Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Rebecca Height of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered July 13, 2018, convicting him of attempted assault in the first degree and criminal possession of a weapon in second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Martin P. Murphy, J.), without a hearing, of that branch of the defendant's motion which was pursuant to CPL 710.20(7) to suppress evidence of law enforcement officials' observations of him at the time of his arrest processing.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of attempted assault in the first degree and criminal possession of a weapon in the second degree. The People presented evidence at trial that, following an earlier altercation in which the complainant and the defendant punched one another, the defendant obtained a firearm and shot the complainant in the back in the middle of a street in Brooklyn.
Before trial, the defendant moved pursuant to CPL 710.20(7) to suppress (1) evidence of the observations of the police officers who arrested him, namely that he refused to provide pedigree information at the time of his arrest processing, and (2) evidence of a lineup identification that occurred immediately following his arrest. In an order dated November 3, 2017, the Supreme Court determined that police officers had ascertained the defendant's location for arrest by the unauthorized use of a cell site simulator in violation of the defendant's constitutional rights. The court, therefore, granted that branch of the defendant's motion which was to suppress the lineup identification evidence. Notwithstanding that determination, the court inexplicably denied that branch of the motion which was pursuant to CPL 710.20(7) to suppress evidence of the police officers' observations of the defendant at the time of his arrest processing. Under the circumstances of this case, the court should have granted that branch of the defendant's motion (see People v Jones, 164 AD3d 1363, 1367; see generally Wong Sun v United States, 371 US 471, 485). The error, however, was harmless beyond a reasonable doubt, as the evidence of the defendant's guilt, which included video recordings of the shooting, as well as eyewitness identification of the defendant, was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 237, 240-241).
The defendant's contention that the Supreme Court erred in permitting the admission of the complainant's grand jury testimony is without merit. The evidence presented at the Sirois hearing (see People v Sirois, 92 AD2d 618; Matter of Holtzman v Hellenbrand, 92 AD2d 405), and the inferences that logically flow therefrom, were sufficient to support the court's determination, under the clear and convincing evidence standard, that the defendant either was responsible for or had acquiesced in the conduct that rendered the complainant unavailable for trial (see People v Smart, 23 NY3d 213, 220; People v Geraci, 85 NY2d 359, 369). Thus, the People were properly allowed to introduce the complainant's grand jury testimony as part of their direct case (see People v Thomas, 146 AD3d 991, 994).
The defendant's contention that Penal Law § 265.03 is unconstitutional is unpreserved for appellate review (see People v Cabrera, _____ NY3d ____, 2023 NY Slip Op 05968), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court