People v Dimas (2024 NY Slip Op 03494)

People v Dimas

2024 NY Slip Op 03494

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2016-07059
 (Ind. No. 1618/14)

[*1]The People of the State of New York, respondent,
v
Pedro Dimas, appellant.

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara Zambelli, J.), rendered May 31, 2016, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of attempted murder in the second degree. The People presented evidence at trial that the defendant, who was known to and identified by the complainant, shot the complainant, with whom he had recently had a dispute, causing the complainant to become partially paralyzed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 345), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 633). "The complainant's unhesitating identification testimony was in and of itself sufficient to sustain the defendant's conviction" (People v Haynes, 175 AD2d 929, 929) and, in addition, was supported by other credible evidence.
Contrary to the defendant's contention, the County Court properly permitted the People to introduce the complainant's out-of-court statement and grand jury testimony on their direct case. "[O]ut-of-court statements, including Grand Jury testimony, may be admitted as direct evidence where the witness is unavailable to testify at trial and the proof establishes that the witness's unavailability was procured by misconduct on the part of the defendant" (People v Geraci, 85 NY2d 359, 366; see also Giles v California, 554 US 353; People v Smart, 23 NY3d 213). "Thus, '[w]here the People establish that a witness is unwilling to testify due to the defendant's own conduct, or by the actions of others with the defendant's knowing acquiescence, defendant forfeits the right to confrontation, and such out-of-court statements are admissible'" (People v Shelly, 172 AD3d 1245, 1245, quoting People v Dubarry, 25 NY3d 161, 174 [internal quotation marks omitted]). "'Recognizing the surreptitious nature of witness tampering and that a defendant [*2]engaging in such conduct will rarely do so openly, resorting instead to subterfuge, the court can rely on and the prosecution can use circumstantial evidence in making the requisite determination'" (People v Shelly, 172 AD3d at 1246, quoting People v Leggett, 107 AD3d 741; see People v Geraci, 85 NY2d at 369). "However, the cumulative evidence and the inferences that logically flow therefrom must be sufficient to support a determination, under the clear and convincing evidence standard, that the defendant either was responsible for, or acquiesced in, the conduct that rendered the witness unavailable for trial" (People v Thomas, 146 AD3d 991, 994; see People v Geraci, 85 NY2d at 370).
Here, the evidence presented at the Sirois hearing (see People v Sirois, 92 AD2d 618; Matter of Holtzman v Hellenbrand, 92 AD2d 405) and the inferences that logically flow therefrom were sufficient to support the County Court's determination, under the clear and convincing evidence standard, that the defendant either was responsible for or had acquiesced in the conduct that rendered the complainant unavailable to testify at trial (see People v Gordon, 222 AD3d 994, 995). Accordingly, the People were properly allowed to use the complainant's grand jury testimony and other out-of-court statement as part of their direct case at trial (see People v Geraci, 85 NY2d at 362; People v Ali, 123 AD3d 1137, 1138).
The defendant's contention that the prosecutor's reading of the complainant's statement and grand jury testimony, as well as the defendant's own grand jury testimony, into the record, along with certain remarks made by the prosecutor during summation, resulted in a "cumulative effect" of depriving him of his right to a fair trial is unpreserved for appellate review, as the defendant did not object to the prosecutor's reading of the statement and testimony on the grounds now raised and either failed to object to the summation remarks or made only a general objection at trial (see CPL 470.05[2]; People v Holiday, 207 AD3d 658, 659-660; People v Mosquero, 128 AD3d 985, 985; People v Ambers, 115 AD3d 671, 672). In any event, the defendant's contention is without merit.
Contrary to the defendant's contention, the prosecutor did not act as an unsworn witness by reading the complainant's statement and grand jury testimony, as well as the defendant's grand jury testimony, into the record. While "[t]he better practice would have been for nonjudicial court personnel unaffiliated with the prosecutor's office to read the [prior sworn testimony or statement of an unavailable witness] and thereby avoid any risk of creating a misperception in the minds of the jurors" (People v Holiday, 207 AD3d at 660 [internal quotation marks omitted]), the County Court ameliorated any potential prejudice by instructing the jury, inter alia, that it should consider the testimony and statement as it would any other testimonial evidence admitted at trial and that the accusations in the indictment were not evidence. Under the circumstances, the prosecutor's reading of the testimony and statement did not constitute reversible error (see id.).
Moreover, the prosecutor's summation remarks were either fair comment on the evidence or responsive to defense counsel's summation (see People v Howard, 120 AD3d 1259, 1260), and there is no merit to the contention that these remarks deprived the defendant of a fair trial (see People v Blackstock, 184 AD2d 775, 776). Further, the evidence of the defendant's guilt was overwhelming, and there is no significant probability that any improper remarks made by the prosecutor during summations contributed to the defendant's conviction (see People v Green, 223 AD3d 914).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court